**STEIN et al. v. DELANO, Comptroller of the Currency, et al.**

No. 820.

District Court, D. New Jersey.

Dec. 31, 1941.

Kristeller & Zucker and Saul J. Zucker, all of Newark, N. J., for plaintiffs.

Harrison & Roche and Robert F. Darby, all of Newark, N. J., for defendants.

WALKER, District Judge.

Messrs. Kristeller and Zucker, attorneys for certain plaintiffs have applied to the court for an allowance and for the disbursements they incurred in prosecuting this matter to the Supreme Court of these United States. 314 U.S. 713, 62 S.Ct. 359, 86 L.Ed. ——.

The inherent equitable jurisdiction in proper cases gives to this court the power to consider favorably application in the nature of "client and attorney" allowances.

The court has usually exercised this discretion where a party through his efforts has brought a fund before the court, prevented the dissipation of the fund or has created the fund or has in some manner conserved it, or where some other party or class will benefit by the distribution of the fund without having contributed to its successful creation or maintenance.

The theory enunciated by the courts has been that the party bringing the litigation assumes the character of a trustee and the beneficiaries of his effort assume the character of cestuis. It is upon the principle that a trustee is entitled to reimbursement from the trust res for the preservation of the trust, that the court makes all allowances from the fund before it commensurate with the efforts expended and the results secured.

The action of the plaintiffs and the services performed by Messrs. Kristeller and Zucker are not within the theory aforesaid. The Court reaches this conclusion reluctantly. It knows that the plaintiffs because of double liability contributed to and created if not all, at least a substantial part of the fund which would be charged and they should be saved at least part of the expense they have incurred if it could be done without abusing our discretion.

The application is denied.