**Dorothy CRASTO et al., on behalf of themselves and all other shareholders of 360 East 72nd Street Owners Incorporated, Plaintiffs,**

v.

**ESTATE of Alfred L. KASKEL et al., Defendants.**

**Malcolm KAHN et al., on behalf of themselves and all other shareholders of 360 East 72nd Street Owners Incorporated similarly situated, Plaintiffs,**

v.

**Doris KASKEL et al., Defendants.**

**Nos. 73 Civ. 3486–LFM, 73 Civ. 4039–LFM.**

United States District Court,
S. D. New York.

April 29, 1974.

---

**26**

Olitt, Friedberg & Kagel, New York City, for plaintiffs in 73 Civ. 3486–LFM; J. Jerome Olitt and Jerrold T. Doros, New York City, of counsel.

Goldman, Cooperman & Levitt, New York City, for defendant 360 East 72nd Street Owners Incorporated; Jack B. Levitt, New York City, of counsel.

Finley, Kumble, Heine, Underberg & Grutman, and Dreyer & Traub, New York City, for defendants Doris Kaskel and others, as Executors of the Estate of Alfred L. Kaskel; Donald S. Snider and Gerald N. Schrager, New York City, of counsel.

Leon Brickman, Brooklyn, N. Y., for defendant Douglas Gibbons–Hollyday & Ives, Inc.

Edward E. Sequin, shareholder pro se.

Feldesman & D'Atri, New York City, for shareholder Alfred S. Schechter.

Herman G. Schwarz, New York City, for shareholder Irene Schustek.

Murray H. Grodetsky, shareholder pro se.

Tenzer, Greenblatt, Fallon & Kaplan, New York City, for shareholder Myron Kowal; Steven A. Herman, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiffs, in these securities actions, seek to invoke the court's equity jurisdiction to impress a lien on certain settlement proceeds payable by the defendants to the members of a class which plaintiffs have attempted to represent. These actions were originally brought as class actions, but plaintiffs' motions for class determination were denied on April 16, 1974, 63 F.R.D. 18. The facts of these controversies and the prior proceedings in these cases may be found in our decisions of December 4,

1973,* January 22, 1974 and April 16, 1974.

Plaintiffs now seek to impress a lien upon the funds payable to those present and former shareholders of 360 East 72nd Street Owners Incorporated, who have agreed to settle their claims with the defendants. They claim that the settlement fund out of which monies will be paid to the shareholders was created by their efforts in bringing these actions and in conducting settlement negotiations with the various defendants. Relying on a line of cases beginning with Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939), plaintiffs argue that the members of the class have received a substantial benefit from plaintiffs' efforts and should, therefore, share in the cost of plaintiffs' attorney's fees.

■ The traditional American rule is that attorney's fees are not generally awarded as costs. Mills v. Electric Auto-Lite Co., 396 U.S. 377, 391, 90 S. Ct. 616, 24 L.Ed.2d 593 (1970); Hall v. Cole, 412 U.S. 1, 4, 93 S.Ct. 1943, 36 L. Ed.2d 702 (1973). Courts have, however, in the exercise of their equitable powers, allowed attorney's fees where a successful litigant has conferred "a substantial benefit on the members of an ascertainable class," Mills v. Electric Auto-Lite Co., *supra*, 396 U.S. at 393–394, and where to allow the class members "to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense." *Id*. 396 U.S. at 392; Sprague v. Ticonic National Bank, *supra*, 307 U.S. at 166–167.

In every case in which fees have been awarded under the substantial benefit test, however, the benefit conferred has resulted from the plaintiff's vindication of his and others rights in court by establishing either a cause of action shared by the class or a defendant's liability to the class members. Hall v. Cole, *supra*; Mills v. Electric Auto-Lite Co., *supra*; Sprague v. Ticonic National Bank, *supra*; Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157 (1882); Smolowe v. Delendo Corp., 136 F.2d 231, 241 (2d Cir.), cert. denied, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446 (1943); Stein v. Delano, 46 F.Supp. 873 (D.N.J.1941), aff'd, 130 F.2d 870 (3d Cir.), cert. denied, 317 U.S. 664, 63 S.Ct. 65, 87 L.Ed. 534 (1942).

Here, plaintiffs have done nothing in court to benefit the class, other than file a complaint, make two unsuccessful applications for injunctive relief and an unsuccessful motion for class determination. There has been no decision by this court on the merits of plaintiffs' claim, much less that of other shareholders, not now before us due to our denial of plaintiffs' motion for class action determination.

■ Plaintiffs cite no authority, nor have we found any, extending the "substantial benefit" rule to cases in which the benefit conferred was not accomplished by the culmination of successful litigation. Plaintiffs have not, and cannot, show that any benefit here has been conferred upon the shareholders as the result of successful litigation and, therefore, they are not entitled to an award of attorney's fees. They have established no rights of the shareholders or created any liability of the defendants to them. In short, they have created no right or benefit cognizable in equity.

Accordingly, the plaintiffs' application for an order impressing a lien on certain settlement funds is denied, and the temporary restraining order staying the distribution of those settlement funds is vacated.

So ordered.

* Kahn v. Kalkel, 367 F.Supp. 784 (S.D.N.Y.1973).